IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EARLEEN FAUVERGUE | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08-431 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Sr. Judge Loren A. Smith |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER**

Pursuant to Rules 7(a), 8(b) and 12 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiff's Complaint ("Complaint"), excluding all allegations related to property in Kansas, as follows. The allegations contained in the eight unnumbered paragraphs of Plaintiff's Complaint contain Plaintiff's summary and characterization of her case, to which no response is required. To the extent matters of fact are alleged in that summary, those factual allegations are duplicative of the allegations contained in the numbered paragraphs in the Complaint that Defendant has responded to below. Defendant incorporates those responses by reference.

1. Defendant admits that 28 U.S.C. § 1491(a)(1) confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Fifth Amendment to the United States Constitution. The remaining allegations call for a legal conclusion, to which no response is required.

2. The allegations contained in paragraph 2 and its various subparagraphs contain Plaintiffs' characterization of their case and conclusions of law to which no response is required. Defendant admits that Plaintiff is alleging a claim under the Fifth Amendment to the Constitution and the statutes referenced in paragraph 2, but denies that Plaintiffs are entitled to any relief under the cited provisions.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies those allegations.

4. Defendant admits that the deed attached to the Complaint as Exhibit A shows that Plaintiff Earleen Fauvergue and her late husband acquired certain real property in Sections 1, 2, 3 and 11 of Township 28, Range 34, in Jasper County, Missouri by a deed dated March 8, 1995, and recorded on March 9, 1995. Defendant admits that the legal description of the property conveyed indicates that a portion of the property abuts a railroad right-of-way. However, the information contained in the deed is insufficient to determine whether the property acquired by Plaintiff and her late husband through this deed "underlies" the subject right-of-way, or whether Plaintiff owned fee title to this property on June 21, 2002, as alleged. Defendant is without other knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies those allegations at this time. The remaining allegations in paragraph 4, including the allegation that Plaintiff acquired fee title to lands within the subject right-of-way, are conclusions of law to which no response is required.

5. Defendant admits that the Certificate of Death attached to the Complaint as Exhibit G shows that Plaintiff's husband passed away on April 24, 2006.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6. Paragraph 6 also contains conclusions of law regarding Plaintiff's ownership of property, to which no response is required.

7. Defendant admits that the United States is the named defendant in this action. The remaining allegations contained in this paragraph are conclusions of law to which no response is required.

8. The allegations in paragraph 8 contain Plaintiff's characterization of her case, to which no response is required. Defendant acknowledges that Plaintiff has moved for class certification and seeks to be the sole representative plaintiff. This case has not yet been certified as a class action, and Defendant opposes Plaintiff's motion for class certification and denies that class certification is appropriate in this case.1 Defendant also denies that there are any "similarly situated landowners" in Kansas.

9. The allegations in the first sentence of paragraph 9 contain conclusions of law regarding standing, claim accrual and title, to which no responses are required. Defendant admits that the Surface Transportation Board ("STB") issued a decision on June 21, 2002, in Docket No. AB-6 (Sub-No. 395X), that included a notice of interim trail use or "NITU." See Compl., Ex. E. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 9, and, on that basis, denies those allegations. Defendant acknowledges that Plaintiffs is seeking to certify a class, but denies that class certification is appropriate in this case. See n.1, supra.

---

[1] Concomitant with this Answer, Defendant is also filing its opposition to Plaintiff's Motion for Class Certification.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 10, and, on that basis, denies those allegations. The allegations in paragraph 10 also contain conclusions of law to which no response is required. In addition, Defendant denies that the segment of the referenced right-of-way that is located in Cherokee County, Kansas is "now subject to an easement for a public-access recreational trail and possible future railroad use by reasons of the NITU and Trails Act." Defendant further avers that BNSF did not enter into a railbanking and interim trail use agreement with respect to the Kansas segment of the subject right-of-way. Instead, BNSF exercised the authority previously granted to it by the STB to abandon the line. BSNF filed a notice with the STB stating that it consummated its abandonment of the Kansas segment of the subject rail line on October 31, 2003. See Def.'s Opp. to Class Cert., Exhibit 10.

11. The allegations in paragraph 11 contain conclusions of law with respect to class certification to which no response is required. Defendant denies that class certification is appropriate in this case and incorporates its opposition to Plaintiff's motion for class certification by reference.

12. Defendant admits that the Jasper County Circuit Court issued a condemnation order on March 13, 1876, and that a mostly illegible copy of this order is attached to the Complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 12 and, on that basis, denies those allegations. Paragraph 12 also contains conclusions of law to which no response is required.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required at this time.

14. The allegations contained in paragraph 14 are conclusions of law to which no response is required at this time.

15. Admitted.

16. Defendant admits that BNSF owned a 28.25 mile right-of-way between milepost 343.55 in Columbus, Cherokee County, Kansas, and milepost 315.30 in Carthage, Jasper County, Missouri. The assertion that BNSF held only an easement to the entire right-of-way is a conclusion of law, to which no response is required.

17. Defendant denies the allegations in paragraph 17. Defendant avers that BNSF filed a Notice of Exemption with the STB on May 3, 2002, and that the STB published a notice regarding the exemption proceedings in Federal Register on May 23, 2002. See 67 Fed. Reg. 36298 (May 23, 2002), a copy of which is attached to the Complaint as Exhibit C. Defendant further avers that the referenced document is the best evidence of its contents.

18. Defendant admits that the quoted words are found in the referenced document, and the Court is respectfully referred to the entire document, which is the best evidence of its contents.

19. The allegations of paragraph 19 are admitted to the extent that they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document, which is the best evidence of its contents. A copy of the referenced request for the issuance of a NITU is attached as Exhibit1 to Defendant's Opposition to Plaintiff's Motion for Class Certification.

20. Defendant admits that the Joplin Trail Coalition filed a request for the issuance of a NITU, but denies that it was filed on May 29, 2002. Defendant avers that the referenced document was filed on May 20, 2002 and copy is attached as Exhibit 3 to Defendant's Opposition to Plaintiff's Motion for Class Certification.

21. Defendant admits that the STB issued a decision on June 21, 2002 that included a NITU, and that a copy of this decision is attached to the Complaint as Exhibit E. Defendant further admits that the referenced document allowed a 180-day period for negotiating a railbanking and interim trail use agreement, which was set by that order to expire on December 19, 2002. Defendant avers that the referenced document is the best evidence of its contents.

22. The allegations of paragraph 22 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document as the best evidence of its contents.

23. The allegations of paragraph 23 are admitted to the extent that they are consistent with the provisions of the letter cited therein, and the Court is respectfully referred to that document, which is the best evidence of its contents. Defendant admits that the Cherokee County, Kansas Landowner's Association stated in its letter to the STB that the Association is composed of over sixty individuals owning property adjacent to the BNSF right-of-way, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of that statement.

24. The allegations of paragraph 24 are admitted to the extent that they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document, which is the best evidence of its contents.

25. Defendant admits that on December 19, 2002, the STB issued a decision that granted BNSF's request to extend the negotiating period contained in the STB's decision of June 21, 2002 and that the language quoted in paragraph 25 is included in the decision of December 19, 2002. Defendant respectfully refers the Court to the copy of the decision attached to the Complaint as Exhibit F, which is the best evidence of its contents.

26. Defendant admits that the STB's decision of December 19, 2002 (Compl., Ex. F), extended the negotiating period to June 17, 2003. Defendant avers that the referenced document is the best evidence of its contents.

27. Defendant admits that the STB's record for Docket No. AB-6 (Sub.-No. 395X) indicates that BNSF and the Joplin Trail Coalition entered into a railbanking and interim trail use agreement on June 16, 2003. Defendant further avers that the referenced agreement only applies to the Missouri segment of the subject right-of-way.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28 and, on that basis, denies those allegations at this time.

29. Defendant admits that the STB received a letter from BNSF dated October 20, 2003. The allegations of paragraph 29 are admitted to the extent that they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document, which is the best evidence of its contents. A copy of the letter dated October 20, 2003, received by the STB on October 21, 2003, is attached to Defendant's Opposition to Plaintiff's Motion for Class Certification as Exhibit 10. Defendant avers that BNSF filed another letter dated February 3, 2004, to clarify the letter of October 20, 2003. A copy of the letter dated February 3, 2004, is attached to Defendant's Opposition to Plaintiff's Motion for Class Certification as Exhibit 11.

30. Defendant denies the allegations in paragraph 30 to the extent that those allegations are inconsistent with the STB record in this case, including the letters referenced above in response to paragraph 29. Defendant admits that JTC is using the portion of the subject right-of-way located in Missouri for a trail and that, according to JTC's website, the trail may be used by the public during daylight hours for non-motorized trail uses. See http://www.joplintrailscoalition.org/ruby_jack.html (last visited August 20, 2008). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30. Defendant specifically denies that JTC is operating a public-access recreational trail on any portion of the abandoned line in Kansas.

31. Defendant admits that BNSF executed a quitclaim deed to JTC on September 16, 2004. The referenced deed is the best evidence of the interest conveyed by BNSF, and the rights reserved by BNSF. To the extent that the factual allegations in paragraph 31 are inconsistent with the referenced deed, those allegations are denied.

32. Defendant admits that the Joplin Trail Coalition is not presently authorized by the STB to operate a railroad on any lines within the STB's jurisdiction. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32.

33. The allegations in paragraph 33 contain conclusions of law, to which no response is required. To the extent that matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 34. The allegations in paragraph 34 also contain

conclusions of law regarding Plaintiff's ownership of certain property on a particular date, to which no response is required at this time. Defendant avers that the deed attached to Plaintiff's Complaint as Exhibit A only shows that Plaintiff acquired certain property in Jasper County, Missouri, in 1995. That deed does not establish that Plaintiff owned this or any other property on June 21, 2002.

35. In response to the allegations contained in paragraph 35, Defendant admits that the quoted words are found in the statute referenced in that paragraph, and the Court is respectfully referred to that statute, which is the best evidence of its contents.

36. The allegations in paragraph 36 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied. Defendant specifically denies that there has been a taking of any property interest owned by the Plaintiff.

37. The allegations in paragraph 37 contain conclusions of law to which no response is required. Defendant specifically denies that there has been a taking of any value of property owned by the Plaintiff.

38. The allegations in paragraph 38 contain conclusions of law to which no response is required. Defendant specifically denies that the issuance of a NITU always results in a Fifth Amendment taking.

39. The allegations in paragraph 39 contain conclusions of law to which no response is required.

40. The allegations in paragraph 40 contain conclusions of law to which no response is required. Defendant specifically denies that any portions of the subject right-of-way in Missouri that were held as an easement have been abandoned under Missouri state law.

41. The allegations of paragraph 41 contains conclusions of law to which no response is required. Defendant admits that Plaintiff has correctly quoted a portion of 16 U.S.C. § 1247(d), and the Court is respectfully referred to that statute as the best evidence of the entire contents of the statute.

42. The allegations in paragraph 42 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. The allegations in paragraph 43 contain conclusions of law to which no response is required. To the extent matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. The allegations in paragraph 44 contain conclusions of law to which no response is required. To the extent matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. The allegations in paragraph 45 contain conclusions of law to which no response is required. Defendant specifically denies that there has been a taking of any property interest owned by the Plaintiff.

46. The allegations in paragraph 46 contain conclusions of law to which no response is required. Defendant specifically denies that there has been a taking of any property interest owned by the Plaintiff.

47. In response to the allegations contained in paragraph 47,Defendant admits that it has not instituted direct condemnation proceedings against the Plaintiff. The remaining factual allegations in paragraph 47 are denied, and Defendant specifically denies that there has been a

taking of any property interest owned by the Plaintiff.

48. The allegations in paragraph 48 contain conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied. Defendant specifically denies that there has been a taking of any property interest owned by the Plaintiff.

The paragraphs number 1-5 on page 13 of Plaintiff's complaint constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that the Plaintiffs are entitled to the relief prayed for, or any relief whatsoever.

## GENERAL DENIAL

All of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

## DEFENDANT'S AFFIRMATIVE DEFENSE

### First Affirmative Defense

Those Plaintiffs or proposed class members who did not own an interest in the property allegedly taken on the date that the Surface Transportation Board issued its Decision and Notice of Interim Trail Use (NITU) lack standing to seek just compensation under the Fifth Amendment.

### Second Affirmative Defense

Plaintiff Earleen Fauvergue has failed to state a claim upon which relief can be granted as to any properties located in Kansas. Fauvergue does not allege to own any property in Kansas, nor has she established that her claim, which involves property located in Missouri, is typical of the claims of any individuals owning land adjacent to the portion of the subject right-of-way that is located in Kansas.

Third Affirmative Defense

Plaintiff's claims are subject to a 6-year statute of limitations. 28 U.S.C. § 2501 Plaintiff's individual claim appears to have been timely filed. However, the claims of any other landowners who may seek to join this action through an amendment to the complaint or otherwise are time-barred and the Court thus lacks jurisdiction over any such claims.

WHEREFORE, the United States of America denies that the Plaintiff is entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be allowed its costs and such other further relief as the Court may allow.

Dated: August 20, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

ELIZABETH NICHOLAS
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044
TEL: (202) 305-0436
FAX: (202) 305-0506
E-MAIL: elizabeth.nicholas@usdoj.gov

<u>Of Counsel</u>:

ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, D.C. 20024